IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPTAIN MATTHEW J. JAMISON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS P. GORDON, individually and in ) <br> his official capacity; SHERRY FREEBERY, ) <br> individually and in her official capacity; ) <br> COLONEL JOHN L. CUNNINGHAM, ) <br> RETIRED, individually; COLONEL DAVID ) <br> F. MCALLISTER, individually and in his ) <br> official capacity; and NEW CASTLE ) <br> COUNTY, a municipal corporation,[1] ) <br> ) <br> Defendants. | Case No.: 04-1568-MPT <br><br> Trial by Jury Demanded |

**DEFENDANT NEW CASTLE COUNTY'S ANSWER
PRESENTING DEFENSES UNDER RULE 12(b)**

Defendant New Castle County respectfully submits its Answer Presenting Defenses Under Rule 12(b) to Plaintiff's First Amended Complaint (the "Amended Complaint") [D.I. 15], and states as follows:

**Responding to Allegations in the Complaint**

1.  Paragraph 1 asserts matters relating to Count I of Plaintiff's Amended Complaint, which was voluntarily dismissed with prejudice. Therefore, no answer is required. To the extent an answer is required, the allegations are denied.

2.  Paragraphs 5-8, 11-70, 79, 83, 111-117, 120-127, 133, 135, and 137-139 assert matters relating to Count I of Plaintiff's Amended Complaint, which was voluntarily

---

[1] Pursuant to that certain Stipulation and Order of Dismissal of Count I and of the Named Individual Defendants [D.I. 33], New Castle County is the only remaining defendant in this case.

dismissed with prejudice. Therefore, no answer is required. To the extent an answer is required, the allegations are denied.

3. Paragraph 2 states a legal conclusion for which no answer is required. To the extent an answer is required, the allegations are denied.

4. Paragraphs 73, 74, 84, and 86 refer to certain documents, and such documents speak for themselves. Therefore, no answer is required. To the extent an answer is required, all allegations are denied.

5. Defendant denies paragraphs 3, 10, 72, 78, 80-82, 85, 87, 90-91 (note: Plaintiff's Amended Complaint is mis-numbered such that there are two paragraphs numbered "91." For clarification, all allegations in both paragraphs numbered "91" are denied), 94-96, 106-110, 188-119, 128-132, 134, 142, and 145, 146-153.

6. Defendant admits in full paragraphs: 74, 76, 88, 92, 97-104, 141, and 143-144.

7. Defendant admits, as alleged in paragraph 4, the following: (i) that Plaintiff is a citizen of the United States and a resident of New Castle County, (ii) that Plaintiff was hired on March 20, 1984, (iii) that Plaintiff was born on July 10, 1961, and (iv) that Plaintiff presently holds the rank of Captain. Defendant denies all remaining allegations set forth in paragraph 4.

8. Defendant admits, as alleged in paragraph 9, that it employs more than 500 employees. Defendant further admits that it is the remaining defendant in this case, pursuant to that certain Stipulation and Order of Dismissal of Count I and of the Named Individual Defendants [D.I. 33]. Any remaining allegations set forth in paragraph 9 are denied.

9. Defendant admits, as alleged in paragraph 71, that a vacant Colonel/Chief of Police position was posted on or about June 27, 2003 and Plaintiff's interview for the position occurred on July 10, 2003.

10. Defendant admits, as alleged in paragraph 75, that Plaintiff had an interview for Colonel/Chief of Police on July 10, 2003. Defendant further admits that Wayne Merritt's title was Special Services Senior Manager and that Tim Mullaney's title was County Attorney. All remaining allegations set forth in paragraph 75 are denied.

11. Defendant admits, as alleged in paragraph 89, that it did not hold an interview board because all candidates waived their right to the examination process and agreed to be placed on an eligible list for Lieutenant Colonel/Deputy Chief of Police with the rank of 1, i.e., an equal ranking as a minimally qualified eligible candidate. All remaining allegations set forth in paragraph 89 are denied.

12. Defendant admits, as alleged in paragraph 93, that it did not hold an interview board because all candidates waived their right to the examination process and agreed to be placed on an eligible list for Police Major with the rank of 1, i.e., an equal ranking as a minimally qualified eligible candidate. All remaining allegations set forth in paragraph 93 are denied.

13. Defendant admits, as set forth in paragraph 105, that Plaintiff received some commendations.

14. Paragraphs 136 and 140 do not require an answer.

15. Defendant further responds to Plaintiff's Amended Complaint by stating that any allegations not specifically admitted herein are denied.

### Failure to State a Claim

16.     The complaint fails to state a claim for which relief can be granted.

### No Punitive Damages Under ADEA

17.     Plaintiff's claim for punitive damages fails because such damages are not available under the Age Discrimination in Employment Act, 29 U.S.C. §§621, et. seq.

### Affirmative Defense – Jurisdiction

18.     This Court lacks jurisdiction over the subject matter of Plaintiff's remaining claim.

### Affirmative Defense – Failure to Mitigate Damages

19.     To the extent Plaintiff has failed to mitigate his damages, he is barred from recovering from the Defendant.

### Affirmative Defenses – Waiver and/or Estoppel

20.     Plaintiff has waived and/or is estopped from asserting his claims.

### Affirmative Defense – Doctrine of After-Acquired Evidence

21.     Plaintiff's remaining claim may be barred in whole or in part by the doctrine of after-acquired evidence.

### Affirmative Defense – Good Faith and Reasonableness

22.     Plaintiff's remaining claim is barred because, at all times, Defendant made a good faith effort to comply with applicable law; and Defendant acted lawfully and with legitimate, non-discriminatory intent that was not a pretext for unlawful discrimination.

### Affirmative Defenses –Issue Preclusion

23.     Plaintiff's remaining claim is barred by the doctrine of collateral estoppel.

**Affirmative Defense – Failure to Exhaust Administrative Remedies**

24. The relief Plaintiff seeks is barred in whole or in part by his failure to exhaust any applicable administrative remedies.

**Affirmative Defense – Statutes of Limitations**

25. Plaintiff's remaining claim is barred, in whole or in part, by his failure to comply with any applicable statutes of limitations or repose, and/or any other applicable state or federal statutory procedures, jurisdictional and/or administrative requirements.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, and with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ William W. Bowser, Esq.*
William W. Bowser, Esquire (No. 2239)
Maribeth L. Minella (No. 4185)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
E-mail:  wbowser@ycst.com

Attorneys for Defendant New Castle County

Dated: December 28, 2007